IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

IN RE:                                      )
                                            )
ARDER M CHONG                               )    Chapter 13
P.O. BOX 465                                )    Case No. 14-41837-EJC
WALTHOURVILLE, GA  31333                    )
                                            )
                                            )

TRUSTEE'S OBJECTION TO CONFIRMATION

O. Byron Meredith III, Chapter 13 Trustee in the above-styled case, objects to confirmation of the proposed chapter 13 plan for the reason(s) stated herein:

1.) The Debtor testified that she did not review or sign the petition and was not familiar with the contents of the petition. The Debtor stated that the petition was prepared and signed on her behalf by a person identified as "Tony" with power of attorney. The petition does not indicate that it was signed by a different individual holding power of attorney. The Trustee requests a copy of the power of attorney document and an amended petition indicating the circumstances under which the petition was prepared and signed, including completion of the appropriate declaration and information under the section of the petition designated "Signature of Non-Attorney Bankruptcy Petition Preparer."

2.) The proposed plan indicates an intention to pay $0.00 to the Trustee for 60 months, with no dividend specified to unsecured creditors. Other than direct monthly payments to USAA Federal Savings Bank, the plan proposes no other payments to any creditor. Instead, paragraph 8 of the plan states "other mortgages will be paid to the mortgage companies (Suntrust, Nationstar, PNC, America Service Company, Bank of America) and will continue regular payments as these are not very delinquent, USAA FSB is the only mortgage company that is really delinquent that we need a plan for, also seeking mortgage assistance from USAA FSB."  The Trustee requests that the plan be amended to address the following: (1) all arrearages to all secured creditors must be identified, estimated and paid through the plan, (2) a monthly plan payment must be proposed, and (3) a dividend to unsecured creditors must be specified.

3.) Form B22C indicates that the Debtor is above median, but the form is not completed. Schedules C and F are blank. Questions 1, 2 and 3 to the Statement of Financial Affairs has not been answered. Although the Debtor lists substantial business income on Schedule I and states she is self-employed, the Debtor indicates she does not operate a business on line 18 of the Statement of Financial Affairs. The Trustee requests amendments and corrections to these Schedules, Forms and Statements.

4.) The Debtor lists seven parcels of real property on Schedule A. The Trustee requests documentation supporting the valuation for each property. The Debtor's property located at 804 Thrasher Court in Hinesville has a Liberty County tax value of $75,701.00 but the Debtor values the property at $45,000.00; the property at 304 Quail Run in Hinesville has a tax value of $163,663.00 but the Debtor valued the property at $101,000.00; the property at 102 Shallowford Circle in Hinesville has a tax value of $172,991.00 but the Debtor values the property at $75,000.00; the property at 812 Forest Street in Hinesville has a tax value of $270,289.00 but the Debtor values the property at $241,000.00; and the property located at 641 Honey Ridge Lane in Hinesville has a tax value of $80,543.00, but the Debtor values the property at 41,000.00.

5.) The Debtor lists only three mortgage loans on Schedule D totaling $294,500 owed to Bank of America, PNC and Nationstar, but Schedule A indicates each of the seven properties are encumbered by debt totaling $941,385. The Debtor's plan refers to a debt to SunTrust that is not listed on Schedule D. The Trustee requests an amended Schedule D listing each creditor with a security interest in the Debtor's real or personal property.

6.) The Debtor's Schedule I includes self-employment income of $3,501.00 per month and $6,955.00 described as net income from rental property and from operating a business. The Trustee requests additional information and documentation regarding the Debtor's self-employment including monthly operating reports.

7.) The Debtor proposes a plan payment of $0, but Schedules I and J indicate monthly net income of $3,307.00 per month. The Trustee requests contribution of all disposable income to the plan and to any unsecured creditors. To date the Trustee has received no payments in this case.

8.) The Trustee requests copies of bank statements for the Debtor's bank account with Geo Vista credit union for the 60-day period preceding the filing of this petition.

9.) The Trustee requests a copy of the Debtor's 2013 tax return including all schedules to the tax return.

WHEREFORE, the Trustee moves the Court to inquire into the above objection(s), deny confirmation of the proposed plan, or such additional relief as may seem just and proper.

This 23rd day of December, 2014.

    /s/ Jeffrey William Narmore
Staff Attorney
Chapter 13 Trustee
GeorgiaBar No. 412079

**CERTIFICATE OF SERVICE**

I certify that a copy of this Objection to Confirmation was served upon the above-named debtor(s) and the parties listed below. Unless otherwise noted below, service was made by first-class mail, postage prepaid, this 24th day of December, 2014.

    /s/ O. Byron Meredith III
O. Byron Meredith III
Chapter 13 Trustee
Post Office Box 10556
Savannah, GA 31412
(912) 234-5052

Arder M. Chong
Debtor, pro se
P.O. Box 465
Walthourville, GA  31333